STILLEY *v.* ILLINOIS CENTRAL R. R. Co.

Division A.   Sept. 25, 1950.

No. 37544  (47 So. (2d) 840)

W. Harold Cox, for appellant.

416

May & Byrd, for appellee. .

Coleman, C.

On February 27, 1943, E. B. Ellis was the owner of a lease from the Y. & M. V. R. Co. to a lot situated in the City of Jackson. This lease was scheduled to expire on December 31, 1946. Ellis had erected buildings on the land. John S. Stilley, the appellant, purchased the lease and buildings from Ellis for a cash consideration. The lease was not transferred to Stilley, but, instead, on March 1, 1943, was reissued to him on the regular lease form customarily used by the Railroad Company. By its written terms, the lease was to expire on December 31, 1946, the same date as the expiration of the Ellis lease, "unless sooner terminated as herein provided". The instrument further provided that "the Lessor shall be permitted to terminate this lease and the tenancy hereby at any time by giving the Lessee sixty days' notice of such intention". An additional provision of the lease was contained in this language: "and when the said term shall be ended the Lessee hereby covenants and agrees to give up and surrender the said demised premises and buildings thereon erected peaceably to the Lessor and at once, on the ending of the term as aforesaid, without further demand or notice; thereupon all buildings and erections at that time being upon the land leased shall become the property of the Lessor; but nothing herein contained shall be held to prevent the Lessee from re-

moving from the said leased premises at any time before the termination of this lease all buildings or structures (except fences) erected thereon by him''. The appellant admits that the original lease and the rewritten lease made no provision for a renewal or extension thereof. On the hearing, Mr. Stilley testified that he knew the contents of the written lease.

The lease was executed on behalf of the Railroad Company by its assistant land and tax commissioner in Chicago. Mr. Stilley, a business man of twenty-one years' experience, signed the instrument in his own behalf. The agreement stated on its face, as well as on the back, that as rent for the premises the Railroad should be paid ''the sum of $240.00, including taxes'' per annum.

In 1944, appellant constructed an additional building on the lot. The property passed into the control of the Illinois Central Railroad Company on July 1, 1946. There was no .attempt to cancel previous to expiration date, but the Company declined to renew the lease when it did expire on December 31, 1946. No reason appears in the record for this refusal, but even under the cancellation clause of the contract, the assignment of reasons was not required.

About October, 1948, the Railroad filed an action of unlawful entry and detainer against the appellant in the county court. Mr. Stilley then filed a bill in chancery in which he prayed: (1) an injunction against the prosecution of the unlawful entry and detainer proceedings; (2) a decree compelling the Railroad specifically to perform alleged oral agreements made by one of its agents to renew the lease for not less than ten years; or (3), in the alternative, for a decree against the defendant for damages for breach of its said (oral) contract to lease said premises and in such amount as the court may determine to be the fair and equitable and reasonable unamortized value of the fixed and immovable improvements on said property.

The Railroad answered, denying all the allegations as to any oral agreement to renew or extend the lease. It then filed its cross complaint, exhibited the written instrument of lease already referred to, and prayed for a decree awarding it the possession of the property in dispute. The cross defendant duly answered, and the cause was heard by the chancellor on its merits. No finding of facts or written opinion was filed by the chancellor, but the decree adjudicated that Mr. Stilley was not entitled to any relief and that the Railroad was entitled to possession. Mr. Stilley appealed, with supersedeas, to this Court.

The appellant admits in his brief that "the part of the bill of complaint requesting specific performance obviously could not be granted", so this question disappears from the case. He earnestly insists, however, that the chancellor erred in not awarding the appellant judgment for the unamortized value of the buildings located on the lot.

Although this did not begin as a suit in ejectment, the appellant relies upon the provisions of Section 825, of the Mississippi Code of 1942, that the defendant in ejectment may plead the value of permanent improvements made by him or by any one under whom he holds before notice of intention to bring the action, provided he claims the premises under some deed or contract of purchase acquired or made in good faith. To this contention the appellee replies that this was not an action in ejectment, but was one of unlawful entry and detainer. It develops, however, that this is an immaterial question.

Mr. Stilley's case is based upon various verbal assurances which he claims he received at several different times in 1943 and 1944 to the effect that the lease would be renewed for such time as would enable him to "amortize" his investment in buildings on the property. He claimed that these assurances were received from Mr. J. W. Elliott, who was then District Traffic Agent at

Jackson. Mr. Elliott has since left the employ of the Railroad Company, and was not subpoenaed as a witness for either of the parties at the hearing. Mr. Stilley did testify, in the absence of objection, that he had talked with Mr. Elliott, and that he stated he had no definite recollection of any such agreements.

██ ██ Omitting all discussion of the applicability of the Statute of Frauds to the validity or enforceability of the alleged oral contract, the rule is well settled in this state that in suits involving alleged oral agreements assertedly made by agents for the renewal or extension of written leases, the burden of proof is on the person asserting such an agreement not only to establish agency, but he must establish the agent's authority as well. Pan American Petroleum Corp. et al. v. Bardwell, 203 Miss. 833, 33 So. (2d) 451.

Mr. Stilley himself testified with reference to his asserted oral assurances of renewal that he dealt only with Mr. Elliott, and that he did not know in what capacity he was associated with the Railroad. This was the only testimony whatever in behalf of the appellant as to Mr. Elliott's authority.

Mr. S. L. Springer, General Freight Agent for the Illinois Central Railroad, stationed in Memphis, testified that he had been in the Traffic Department of the Railroad for some twenty-seven years and that Mr. Elliott had absolutely no authority to make any kind of agreement or contract with reference to leasing Railroad property, except such as was submitted in writing to and approved in writing by various superior officers, concluding with the Vice President in Charge of Traffic at Chicago. This is borne out by the undisputed proof that the written lease in question was submitted through these channels and was approved and signed, as Mr. Stilley knew, by the assistant land and tax commissioner in Chicago. The testimony of all witnesses of the Railroad who had anything to do with the handling of this lease testified that the files contained no mention what-

ever by Mr. Elliott of any kind of verbal agreement or understanding in variation of the written terms of the lease.

Mr. H. T. Lewis, General Traffic Agent for the Railroad in Jackson at the time of the hearing, who had been employed by the Railroad Company for twenty-six years, testified that he had had six or seven conversations with Mr. Stilley with reference to this dispute, and that Mr. Stilley at no time claimed any verbal agreement or understanding. Mr. W. R. Jones, Assistant General Freight Agent in Jackson from August 16, 1945, to January 15, 1949, testified to like effect. There was no attempt by the appellant to introduce any testimony whatever contradicting any of this evidence on behalf of the Railroad.

In view of Mr. Stilley's testimony that he had dealt only with Mr. Elliott, and that he did not know what authority Mr. Elliott had, if any, coupled with the uncontradicted evidence on behalf of the Railroad that he had no authority whatever to make any verbal agreements for and on behalf of the Railroad, it is clearly shown that appellant did not sustain his burden of proof to establish the agent's capacity or authority. It necessarily follows that for failure to establish the authority of the agent, Mr. Stilley must fail in this appeal.

Apropos a full consideration of the entire case, without going into a detailed discussion of Mr. Stilley's testimony as to the contents of the alleged verbal agreements (he was the only witness in that regard), and aside from the matter of lack of authority on the part of Mr. Elliott, a most careful consideration of all the evidence reveals that at no time did Mr. Elliott, by Mr. Stilley's own contention, do any more than to refer to the general policy of the Railroad in other cases as to extensions and renewals. We are compelled to agree that the chancellor could not have spelled out a contract for the parties from the testimony of Mr. Stilley as to any

definite term for which the renewal was to hold. Fully realizing the likely great hardship and financial loss that may be occasioned to Mr. Stilley, the law and evidence in this case compels us to hold that he failed to sustain the burden of proof, both as to the authority of the agent and as to any definite verbal assurances the agent might have given him.

This leaves only two other contentions of the appellant to be mentioned. He contends that the lease was renewed by operation of law when the Railroad accepted the 1947 rent. It is not necessary for us to pass on this contention because even if the lease was renewed by operation of law the Railroad had a perfect legal right, under the sixty-day cancellation clause, to cancel it at any time upon notice, and he admits himself that he received the notice.

The remaining contention was that he should have had a decree for taxes paid by him on this property. The bill of complaint sought no recovery for taxes, but the proof shows that during the time he was in possession, Mr. Stilley paid taxes on the property amounting to $954.44. The lease itself provides that he should pay $240 per year, "including taxes". It would be unreasonable to assume, business man that he was, that he would have gone ahead and paid the taxes every year, and that without any protest or request for refund, unless he had known that it was his duty under the contract to pay them.

The chancellor granted the appellant ninety days from the date of the decree in which to remove his buildings from the disputed premises. There was no appeal from this holding. In fact, the Railroad has stated here that it still has no objection to that portion of the decree. In addition, the appellant filed a supersedeas bond. The decree of the chancery court will therefore be affirmed, the appellant to have ninety days from the date of the

422

mandate from this Court in which to enter and remove his buildings.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.